IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:23-cv-03308 |
| ) | |
| ALLIED SERVICES, LLC D/B/A ) | |
| ALLIED WASTE SERVICES OF ) | JURY TRIAL DEMANDED |
| THE OZARKS / REPUBLIC ) | |
| SERVICES OF THE OZARKS, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Jamie Mendoza and to a class of female applicants who were adversely affected by such practices. As alleged below, Defendant Allied Services, LLC d/b/a Allied Waste Services of the Ozarks / Republic Services of the Ozarks (Republic Services), since at least March 26, 2020, denied employment opportunities to qualified female applicants seeking driver positions at its Springfield, Missouri facility on the basis of their gender. The Commission further alleges that in or around May 2020, Defendant failed to hire Jamie Mendoza into a front loader driver position at its Springfield, Missouri facility because of her gender. Defendant's hiring practices have been undertaken with the purpose and have had the effect of denying females employment because of their sex in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

3. Venue is proper in this Court pursuant to Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Missouri, Southern Division.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. Defendant is Allied Services, LLC d/b/a Allied Waste Services of the Ozarks / Republic Services of the Ozarks (Republic Services), a for-profit corporation.

6. At all relevant times, Republic Services has been doing business in the State of Missouri and in Springfield, Missouri, and has continuously had at least fifteen (15) employees.

7. At all relevant times, Republic Services has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

8. More than thirty (30) days prior to the institution of this lawsuit, Jamie Mendoza filed a timely charge of discrimination (Charge No. 560-2020-02403) with the Commission alleging violations of Title VII by Republic Services.

9. On September 9, 2022, the Commission issued to Republic Services a Letter of Determination finding reasonable cause to believe that it violated Title VII.

10. The Commission invited Republic Services to join with it in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

11. The Commission engaged in communications with Republic Services to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12. The Commission was unable to secure from Republic Services a conciliation agreement acceptable to the Commission.

13. On July 13, 2023, the Commission issued a Notice of Failure of Conciliation to Republic Services.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

15. On or about April 28, 2020, Ms. Jamie Mendoza applied online for a front loader garbage truck driver position with Republic Services at its Springfield, Missouri location.

16. Republic Services is a trash disposal/waste management company.

17. On or about May 20, 2020, the Republic Services Operations Manager, Fred Winters, and two other male company representatives interviewed Ms. Mendoza in-person at its Springfield, Missouri facility. During the interview, the men showed Ms. Mendoza parts of the facility.

18. During the interview, the men told Mendoza that there were no female drivers employed at that time. They mentioned that there had been one or more female drivers in the past, and that one female driver quit without giving notice.

19. The interviewers also told Ms. Mendoza there was no women's shower facility and that Republic Services would have to build one if they hired a female driver.

20. Following the interview Ms. Mendoza participated in a ride-along with a male trash truck driver.

21. After the ride-along, Ms. Mendoza told Mr. Winters she was interested in the job. Mr. Winters told Ms. Mendoza to think seriously about whether she wanted the job, talk to her husband about it, and let Mr. Winters know the next day if she was still interested.

22. The next day, Ms. Mendoza called Mr. Winters and left a voicemail message for him stating that she wanted the position. She also texted Mr. Winters to tell him she wanted the position.

23. Neither Mr. Winters nor anyone else from Republic Services responded to Ms. Mendoza's voicemail or text messages.

24. Ms. Mendoza later received a general email from Republic Services stating that she was not selected for the driver position.

25. Republic Services selected a male for the front loader garbage truck position.

26. Ms. Mendoza had more experience than male candidate selected by Republic Services. She had held her commercial driver's license (CDL) longer than him, had more large commercial truck driving experience than him, and more years' experience continuously operating vehicles requiring a CDL.

27. Ms. Mendoza continued seeking employment as a trash truck driver with Republic Services when she saw online job postings, submitting two or three more applications, but Republic Services did not interview her again.

28. Republic Services never offered Ms. Mendoza employment as a trash truck driver, despite her qualifications for the job.

29. Republic Services did not employ any female drivers at the time Ms. Mendoza applied in 2020.

30. From 2018 to 2021, Republic Services provided EEO-1 Employer Information Reports to the EEOC in which it stated it employed the following number of "operatives" (which is the job category for drivers):

    a. 2018: 55 male operatives; no female operatives;

    b. 2019: 59 male operatives; 1 female operative;

    c. 2020: 54 male operatives; no female operatives;

    d. 2021: 58 male operatives; no female operatives.

31. Relevant labor market data shows that 9.5% of the local labor market for "operatives" is female.

32. Republic Services employed fewer female "operatives" than similar employers in the relevant labor market.

33. Hiring male drivers to the exclusion of female drivers was Republic Services's standard operating procedure.

## STATEMENT OF CLAIMS

### COUNT I

**(Failure to Hire Jamie Mendoza Based on Sex)**

34. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint into this Count.

35. Republic Services failed to hire Jamie Mendoza because of her sex in violation of Sections 703(a)(1) and (2) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and (2).

36. The unlawful employment practices described above deprived Jamie Mendoza of equal employment opportunities because of her sex.

37. The unlawful employment practices described above were done intentionally and with malice or reckless indifference to the federally protected rights of Jamie Mendoza.

38. As a direct and proximate result of the unlawful employment practices described above, Jamie Mendoza suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, emotional pain, suffering, embarrassment, and inconvenience.

### COUNT II

**(Failure to Hire Female Applicants for Driver Positions Based on Sex)**

39. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint into this Count.

40. Since at least March 2020, Republic Services rejected or otherwise failed to hire qualified female applicants for driver positions because of their sex in violation of Sections 703(a)(1) and (2) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and (2).

41. Republic Services's failure to hire qualified female applicants for driver positions because of their sex was a pattern or practice of discrimination.

42. The unlawful employment practices described above deprived qualified female applicants of equal employment opportunities because of their sex.

43. The unlawful employment practices described above disproportionately exclude female applicants from employment with Defendant.

44. The unlawful employment practices described above were done intentionally and with malice or reckless indifference to the federally protected rights of female applicants.

45. As a direct and proximate result of the unlawful employment practices described above, qualified female applicants suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, emotional pain, suffering, embarrassment, and inconvenience.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on sex and from retaliating against employees who engage in protected activity.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for female applicants, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Jamie Mendoza and female applicants for driver positions harmed by the practices described above by providing appropriate back pay with

7

Case 6:23-cv-03308-MDH   Document 1   Filed 09/28/23   Page 7 of 9

prejudgment interest to each, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including but not limited to rightful-place hiring of qualified female applicants.

    D.      Order Defendant to make whole Jamie Mendoza and female applicants for driver positions harmed by the practices described above by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses and other out-of-pocket expenses, in amounts to be determined at trial.

    E.      Order Defendant to make whole Jamie Mendoza and female applicants for driver positions harmed by the practices described above by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    F.      Order Defendant to pay Jamie Mendoza and female applicants for driver positions harmed by the practices described above punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial.

    G.      Grant such further relief as the Court deems necessary and proper in the public interest.

    H.      Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                                                EQUAL EMPLOYMENT
                                                OPPORTUNITY COMMISSION

CHRISTOPHER LAGE
Deputy General Counsel

LISA MORELLI
Acting Associate General Counsel

ANDREA G. BARAN, MO Bar # 46520
Regional Attorney
St. Louis District Office
1222 Spruce St., Rm. 8.100
St. Louis, MO 63103
Phone: (314) 798-1914
Email: andrea.baran@eeoc.gov

JOSHUA M. PIERSON, MO Bar # 65105
Supervisory Trial Attorney
Kansas City Area Office
400 State Ave., Ste. 905
Kansas City, KS 66101
Phone: (913) 359-1807
Email: joshua.pierson@eeoc.gov


 */s/ Meredith S. Berwick*
MEREDITH S. BERWICK, MO Bar # 64389
Senior Trial Attorney
St. Louis District Office
1222 Spruce St., Rm. 8.100
St. Louis, MO 63103
Phone: (314) 798-1909
Email: meredith.berwick@eeoc.gov

*Attorney for Plaintiff Equal Employment Opportunity Commission*